HERMAN V. von HOLT, TRUSTEE UNDER DEED OF
TRUST MADE BY EMMA DREIER DATED MAY
13, 1909, *v.* EDWARD DREIER, AUGUST DREIER,
ADELE D. FRATES, AUGUST A. MARKHAM,
FREDERICK J. MARKHAM, ANNA M. PECK,
LIBERTA WRIGHT, NORA K. MARKHAM,
JAMES S. MARKHAM, EMMA MARKHAM, HER-
MAN MARKHAM, NORMAN ST. D. MARKHAM,
CHARLES J. MARKHAM, PAUL D. MARKHAM,
WILLIAM J. MARKHAM, GEORGE J. O'NEIL,
RICHARD ROE AND JANE DOE, RESPOND-
ENTS, ALICE HANNA AND HELEN C. WEILER,
INTERVENORS.

No. 2270.

ARGUED MARCH 8, 1937.          DECIDED MARCH 30, 1937.

COKE, C. J., BANKS, J., AND CIRCUIT JUDGE METZGER
IN PLACE OF PETERS, J., ABSENT.

OPINION OF THE COURT BY BANKS, J.

On May 13, 1909, Emma Dreier, now deceased, executed a deed of trust under which 125 shares of the capital stock of August Dreier, Limited, were assigned, transferred and delivered to a trustee to be held in trust under certain terms and conditions and for certain purposes.

The settlor also directed to whom the trustee should deliver the corpus of the trust upon the termination of the trust. It is over this feature of the trust instrument, the trust having come to an end, that the dispute in the instant case has arisen. The trustee, being in doubt as to the persons entitled to the property in his possession, sought by an appropriate bill in equity to have the matter judicially determined. The only parties having a justiciable interest in the controversy are Edward Dreier, August Dreier, Adele Dreier Frates, Alice Hanna and Helen C. Weiler.

The learned trial judge by decretal order required the trustee to distribute all of the assets of the trust estate held by him as such trustee as follows: "A one-fifth (1/5) share thereof to August Dreier; a one-fifth (1/5) share thereof to Edward Dreier; a one-fifth (1/5) share thereof to Adele Dreier Frates; a one-fifth (1/5) share thereof to Alice Hanna; and a one-fifth (1/5) share thereof to Helen C. Weiler." From this decree August Dreier, Edward Dreier and Adele Dreier Frates perfected an appeal to this court.

The trust deed provides in part as follows: "That the Donor in consideration of love and affection for her son Emile Dreier, of said Honolulu, who is at present Non Compos Mentis, and in consideration of love and affection for her grandson Edward Dreier, the minor son of said Emile Dreier, and in consideration of the discontinuance, at her request, by W. A. Kinney, of said Honolulu, Guardian Ad Litem of said Emile Dreier, of proceedings hereto-

fore pending in the Circuit Court of the First Judicial Circuit for the Territory of Hawaii, whereby the said Emile Dreier, through his said Guardian Ad Litem, contested the validity of the Last Will and Testament of August Dreier, husband of the Donor, and in consideration further of One Dollar ($1.00) to the Donor paid by the Trustee in his own behalf and in behalf of all of the beneficiaries hereinafter named, receipt whereof is hereby acknowledged, she, the Donor, doth hereby transfer, assign, set over and deliver unto the Trustee One Hundred Twenty-five (125) shares of the capital stock of August Dreier, Limited, a corporation incorporated and doing business under the laws of the Territory of Hawaii; said shares of stock being of the par value of One Hundred Dollars ($100.00) each; in trust, nevertheless, for the following purposes, that is to say, to-wit: To pay from the net income of said trust property after payment of all expenses of the administration of said trust, including a reasonable commission to the Trustee, the sum of Fifty Dollars ($50.00) per month to Caroline Dreier, wife of said Emile Dreier, for and during the term of her natural life, and to pay the balance of said net income to said Emile Dreier for his support and maintenance or so much thereof as may be necessary for that purpose, and the balance of said income if any, for the support, maintenance, education and advancement of Edward Dreier, grandson of the Donor. * * * Upon the death of the said Emile Dreier and of the said Caroline Dreier, this trust shall cease and the entire trust estate or so much thereof as shall then be remaining shall be conveyed and delivered free and clear of the trusts hereby created to the said Edward Dreier, grandson of the Donor, as and for his absolute property, if he, the said Edward Dreier, shall then be alive. And if he then shall have deceased, said trust estate shall be conveyed absolutely to such person or persons as he, the said Edward Dreier shall by last Will and

Testament name to receive the same and failing such appointment then to his heirs at law."

Emile was the first of those mentioned in the trust deed to die. The date of his death does not appear but it does appear that it was prior to that of Edward. Edward was the second to die. His death occurred on November 17, 1929. He was never married and died intestate after reaching his majority and without having exercised the power given him by the trust deed to designate the recipients of the corpus of the estate upon the termination of the trust. The trust was terminated on June 8, 1935, by the death of Caroline. Upon the happening of that event the corpus became forthwith distributable to those entitled to receive it who, according to the trust deed, were Edward Dreier's heirs at law.

Edward having died without issue and his parents being dead at the time of the termination of the trust and there being neither brother nor sister of his living at that time his next of kin are his uncles and aunts and the only claimants of the trust property. They are Edward Dreier and August Dreier, the brothers of Emile Dreier, who was the father of Edward, the deceased intestate, and Adele Dreier Frates, the sister of Emile Dreier; and Alice Hanna and Helen C. Weiler, who were the sisters of Caroline Dreier, later O'Neil, who was the mother of Edward, the deceased intestate.

It is the contention of the appellants that under the proviso in paragraph 5 of section 4813, R. L. 1935, they, being the children of Emma Dreier and the uncles and aunt of Edward Dreier, deceased, are entitled to the entire corpus of the trust to the exclusion of the appellees who are not related by blood to either Emile or Emma Dreier. The pertinent provisions of paragraph 5 so far as the instant case is concerned are as follows: "The estate shall descend in equal shares to the next of kin in equal degree,

* * * provided, however, that if the estate come through either parent of the deceased intestate, the brothers and sisters of that parent and their respective heirs shall be preferred to those of the other parent." It must be borne in mind that in the case at bar we are not distributing an estate which ever belonged to or became vested in Edward Dreier at all. The legal title to the corpus of the trust and the right to its possession and control during the continuance of the trust vested in the trustee by virtue of the trust instrument. It never vested in Emile Dreier nor was it the intention of the settlor that it ever should vest in him. The limit of his interest was in a portion of the income during his life. Likewise, the ownership of the corpus never vested in Edward. The only interest which ever vested in him was the right to have a portion of the income set aside by the trustee for his support, maintenance, education and advancement during his lifetime.

It was the clearly expressed intention of the settlor that until the death of both Emile Dreier and his wife, Caroline Dreier, the trust should continue. Until the happening of both of these events the corpus of the estate was to remain with the trustee and was not distributable. One of these events, namely, the death of Emile, occurred during Edward's life but the second one, the death of Caroline, did not occur until after Edward's death. If they had both occurred prior to Edward's death the entire corpus under the terms of the trust deed would have vested in him absolutely. The death of Caroline, however, not having occurred until after Edward's death, the corpus never vested in him. If Edward had acquired the property by descent or devise or by gift from his father and had thereafter died intestate the question might arise as to whether the brothers and sister of the father were, under the proviso to paragraph 5 of section 4813, *supra,* entitled to preference over the sisters of the mother.

The question presented in the instant case is, who are the "heirs at law" of Edward, the grandson of the settlor, as that term is used in the deed of trust? This question involves the construction of the instrument executed by the settlor. The term "heirs at law" is a technical term and must be given its technical meaning unless it clearly appears that the trustor intended it to be given a different meaning. There is nothing in the trust deed that indicates such an intention.

The technical meaning of the term "heirs at law" as used in the deed of trust is to be ascertained by reference to the statute of descent in force in the Territory at the time of Caroline's death. It is clear from this statute (R. L. 1935, ch. 140), that the heirs at law of Edward at this time were his "next of kin in equal degree" who were then alive. A proviso is made that the heirs at law are not entitled to share the estate equally if it "comes through" either parent of the deceased person. As to this character of property preference must be given to the heirs who are of the blood of the parent through whom the estate came. Unless the property involved in the instant case is of this character the proviso has no application.

As we have already observed, the estate never vested in Edward nor in Edward's father nor did it come through Edward or Edward's father. It vested in the heirs at law of Edward by virtue of the direction given by the settlor which is contained in her trust deed. Therefore the proviso has no application.

It is conceded that those who were closer to Edward in relationship than the claimants in the instant case are dead and that these claimants now constitute his nearest of kin in equal degree. If the settlor had intended that in the distribution of the corpus Edward's heirs at law of the Dreier blood should be the sole distributees of the corpus she could have easily expressed such an intention and

naturally would have done so. Not having expressed such intention we are not authorized by the proviso to paragraph 5 of the statute to exclude from the distribution of this estate the heirs at law of Edward on his mother's side.

The decree appealed from is affirmed.

*A. G. M. Robertson* (*Robertson, Castle & Anthony* on the briefs) for appellants.

*R. J. O'Brien* (also on the brief) for appellees.